```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**DANIEL R. ROYSE,**

                **Petitioner,**

        v.                             **CASE NO. 05-3293-SAC**

**KANSAS PAROLE BOARD,**

                **Respondent.**

**O R D E R**

This matter is before the court on a petition for habeas corpus filed by a prisoner in state custody. Petitioner proceeds pro se and submitted the full filing fee. The court has examined the petition and enters the following order.

**Background**

Petitioner was sentenced in August 1991, and his first parole hearing was held in 1998. He received a 3-year pass at that hearing, and following his next hearing in 2001, he received a 10-year pass. Petitioner contends that the increased number in years of the pass given is not supported by any change in his criminal history or institutional behavior, and he claims the decision to increase the pass was arbitrary and capricious and violates <u>ex post facto</u> principles. He seeks the appointment of counsel, a hearing, injunctive relief requiring a more detailed

statement from the parole authority, or, in the alternative, release.

## Discussion

This is a habeas corpus action filed pursuant to 28 U.S.C. 2241. Generally, an applicant for habeas corpus relief must exhaust state court remedies prior to seeking federal relief whether the applicant proceeds pursuant to 28 U.S.C. 2241 or 28 U.S.C. 2254. Montez v. McKinna, 208 F.3d 862, 866 (10th$^{th}$ Cir. 2000).

The state courts determined that petitioner had not sought state court review in a timely manner. Royse v. Cline, 92 P.3d 1147 (Table)(Kan. App. 2004). Accordingly, petitioner's claims have been procedurally defaulted, and such claims may be reviewed in federal habeas corpus only if the petitioner demonstrates "cause and prejudice or a fundamental miscarriage of justice." English v. Cody, 146 F.3d 1257, 1259 (10th Cir. 1998).

Petitioner asserts that this action is timely, noting that he filed a civil rights action pursuant to 42 U.S.C. 1983 in 2001. That action, however, did not toll the time to pursue a state court remedy, nor does the court find that petitioner has suffered a fundamental miscarriage of justice. The court concludes the present habeas corpus action must be dismissed due to petitioner's procedural default of state court remedies.

IT IS THEREFORE ORDERED this matter is dismissed and all

relief is denied.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED:  This 19th day of July, 2005, at Topeka, Kansas.


                              S/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge